UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
IN RE:                                                                    CHAPTER 11
*GORAN MLADEN*
DEBTOR                                                                   CASE NO.12-21659
_____X
IN RE:
*GORAN MLADEN*
MOVANT
         V.
*BANK OF AMERICA, N.A,*
*BAC HOME LOANS*
*PNC BANK, N.A.*
*DBN REALTY, LLC*
*CT BANK AND TRUST CO.*
*CITIBANK*
*CAPITAL ONE BANK*                                              Re:  ECF NO.72
*OFFICE OF U.S. TRUSTEE*
RESPONDENTS
_____X

### ORDER ON MOTION TO DETERMINE STATUS OF SECURED CLAIMS

After notice and a hearing on the Debtor's *Motion to Determine Status of Secured Claims*, ECF No. 72, and there being no objection thereto, and it having been represented that:

1. The fair market value, as of the Petition Date, of the real property that is the Debtor's principal residence located at 488 Porter St., Manchester, CT, (hereinafter, the "Property"), is $380,000.00.

2. The liens on the Property are as follows:

   a) **First Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc. as recorded on the Manchester Land Record on March 1, 2007, at Volume 3413, Page 104; assigned to BAC Home Loans Servicing, LP by instrument recorded October 26, 2009, at Volume 3709, Page 231 of said Land Records; further assigned to Bank of America, N.A. by Assignment recorded February 10, 2012, at Volume 3928, Page 253 of said Land Records which has an outstanding balance as of the Petition Date of $542,458.48.**

   b) **Second Mortgage in favor of National City Bank, now known as PNC Bank, N.A., as recorded on of the Manchester Land Records on May 7, 2007, at Volume 3440, Page 323, which has an outstanding balance as of the Petition Date of $107,200.00.**

  c) **Third mortgage in favor of DBN Realty, LLC, as recorded on the Manchester Land Records on September 4, 2008, at Volume 3601, Page 186, which has an outstanding balance as of the Petition Date of $300,000 00.**

  a) **An Attachment in favor of The Connecticut Bank and Trust Company, as recorded on the Manchester Land Records on July 30, 2009, at Volume 3686, Page 275, which has an outstanding balance as of the Petition Date of $175,000.00.**

  b) **A Judgment Lien in favor of The Connecticut Bank and Trust Company, as recorded on the Manchester Land Records on January 6, 2010, at Volume 3729, Page 163, which has an outstanding balance as of the Petition Date of $173,361.58.**

  c) **A Judgment Lien in favor of Citibank, (South Dakota) N.A, as recorded on the Manchester Land Records on May 23, 2011, at Volume 3863, Page 236, which has an outstanding balance as of the Petition Date of $21,779.98.**

  d) **A Judgment Lien in favor of Capital One Bank , (USA) N.A., as recorded on the Manchester Land Records on November 2, 2011, at Volume 3903, Page 194, which has an outstanding balance as of the Petition Date of $2,500.41.**

**ACCORDINGLY IT IS ORDERED THAT:**

For the reasons stated in the motion, and pursuant to 11 U. S. C. §506(a) and 1123(b)(5), the extent to which the Debtor shall, in their Chapter 11 Plan, (hereinafter the "Plan"), treat each of the above described claims as "secured" or "unsecured" is as follows:

  a) **First Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., as recorded on the Manchester Land Record on March 1, 2007, in Volume 3413, Page 104; assigned to BAC Home Loans Servicing, LP recorded October 26, 2009, in Volume 3709, Page 231 of said Land Records; further assigned to Bank of America, N.A. by Assignment, recorded February 10, 2012, in Volume 3928, Page 253 of said Land Records is deemed to be non-modifiable, as a lien secured only by real property that is the Debtors principal residence, pursuant to 1123(b)(5), and shall be treated in the Plan as a fully secured claim in the amount of $542,458.48.**

  b) **Second Mortgage in favor of National City Bank, now known as PNC Bank, N.A., as recorded on the Manchester Land Records on May 7, 2007, at Volume 3440, Page 323, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $107,200.00.**

  c) **Third Mortgage in favor of DBN Realty, LLC, as recorded on the Manchester Land Records on September 4, 2008, at Volume 3601, Page 186, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $300,000.00.**

    d) **An Attachment in favor of The Connecticut Bank and Trust Company, as recorded on the Manchester Land Records on July 30, 2009, at Volume 3686, Page 275, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $175,000.00.**

    e) **A Judgment Lien in favor of The Connecticut Bank and Trust Company as recorded on the Manchester Land Records on January 6, 2010, at Volume 3729, Page 163, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $173,361.58.**

    f) **A Judgment Lien in favor of Citibank, (South Dakota), N.A, as recorded on the Manchester Land Records on May 23, 2011, at Volume 3863, Page 236, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $21,779.98.**

    g) **A Judgment Lien in favor of Capital One Bank, (USA), N.A., as recorded on the Manchester Land Records on November 2, 2011, in Volume 3903, Page 194, shall be treated in the Plan as a wholly "unsecured" claim in the amount of $2,500.41.**

Dated: January 7, 2013                                   BY THE COURT

*signature*
Albert S. Dabrowski
United States Bankruptcy Judge

    Hearing held on 12/20/12