UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------

| | |
|---|---|
| INRE: | CHAPTER II |
| *GORAN MLADEN* | |
|     DEBTOR | CASE NO.12-21659 |

_____

INRE:

*GORAN MLADEN*
    MOVANT

V.

*JACKSON CAPITOL PARTNERS*      ECF NO.110
*DEUTSCHE BANK NATIONAL TRUST COMPANY*
    *AS TRUSTEE,*
*WEBSTER BANK, and*
*OFFICE OF THE U.S. TRUSTEE*
    RESPONDENT(S)

_____

**ORDER ON MOTION IN CHAPTER 11 TO DETERMINE
STATUS OF SECURED CLAIMS**

After notice and hearing on the Debtor's motion to Determine Status of Secured

Claims, ECF No. 110, and there being no objection thereto, and it having been

represented that:

1.  The fair market value, as of the Petition Date, of the real property located at 58
    Dorset Rd., Yonkers, NY, (the "Property") ,is $670,000.00.

2.  The liens on the Property are as follows:

    a)  First Mortgage in favor ofH&R Block Mortgage Corporation, as recorded
        on the Westchester Land Records on April 22, 2005, at Control #
        450470437, Assigned to Option One Mortgage Corporation, recorded
        February 1,2011, at Control #510273129, ofthe Westchester Land
        Records; and further Assigned to Deutsche Bank National Trust Company
        as Trustee, recorded February 1,2011, at Control #510273133, of the
        Westchester Land Records, which has an outstanding balance as of the
        Petition Date of $748,010.74;

    b)  Second Mortgage in favor of Webster Bank, as recorded on the
        Westchester County Land Records on November 5,2008, at Control
        #483020337, which has an outstanding balance as of the Petition Date of
        approximately $496,000.00; and

c)      A Judgment Lien in favor of Webster Bank N.A. entered October 17, 2011
on the Westchester Land Records which has an outstanding balance as
of the Petition Date in the amount of approximately $183,015.55.

## ACCORDINGLY IT IS ORDERED THAT:

1.      For the reasons stated in the motion, and pursuant to 11 U. S. C. §506(a) and
1123(b )(5), the extent to which the Debtor may, in his Chapter II Plan,
(hereinafter "the Plan"), treat each of the above described secured claims as
"secured" or "unsecured" is as follows:

a)      First Mortgage in favor ofH&R Block Mortgage Corporation, as recorded
on the Westchester Land Records on April 22, 2005, at Control #
450470437, and Assigned to Option One Mortgage Corporation, as
recoded on the Westchester Land Records on February 1, 2011, at
Control #510273129, and further Assigned to Deutsche Bank National
Trust Company as Trustee, as recorded on the Westchester Land
Records on February I, 2011, at Control #510273133, shall be treated as
a "secured" claim in the amount of $670,000.00 and as an "unsecured"
claim in the amount of $78,010.74;

b)      Second Mortgage in favor of Webster Bank, as recorded on the
Westchester Land Records on November 5, 2008 at Control #483020337,
in the amount of $496,000.00, shall be treated as a wholly "unsecured"
claim in the amount of $496,000.00; and

c)      A Judgment Lien in favor of Webster Bank as recorded on the
Westchester County Land Records on October 17, 2011, shall be treated
as a wholly "unsecured" claim in the amount of$183,015.55.

2.      No lien may be avoided if the captioned bankruptcy case is dismissed or
converted to another Chapter of the Bankruptcy Code.

Dated: April 5, 2013                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge